IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| J. MICHAEL SCHAEFER | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. JFM-13-321 |
| | | |
| MARYLAND DEPARTMENT | * | |
| OF THE ENVIRONMENT | | |
| Defendant. | * | |

\*\*\*

MEMORANDUM

On January 30, 2013, the court received for filing a fee-paid, self-represented action which invokes this courts federal question jurisdiction under 28 U.S.C. § 1331 submitted by J. Michael Schaefer, ("Schaefer"), a resident of Los Angeles, California. Schaefer claims that his interests are being violated in a Maryland proceeding as an administrative law judge ("ALJ") is requiring that the corporate entity for which he manages a six-unit rental property in Baltimore, Maryland proceed with counsel or risk the entry of default judgment in favor of defendant.[1] He claims that the costs and difficulties associated with obtaining local legal representation in the proceeding far out-way any potential settlement amount or the amount in controversy. Schaefer takes issue with the laws of Maryland and, for that matter the local rules of this court, which "deny corporation litigants due process and equal protection of the law in that corporations...are prohibited from appearing in State or Federal Court (some exceptions) without hiring a Maryland licensed attorney." ECF No. 1. He seeks declaratory relief which would find that: (1) defendant's requirements for recertification of lead paint usage involving rental properties to be overly broad and unconstitutional; (2) corporations "are people too," and the ban on a corporation's appearance in a legal proceeding without legal counsel is invalid and violates due process; and (3) the deadlines imposed by the ALJ be stayed and

---

[1] The state administrative proceeding seemingly involves the enforcement of Maryland's lead paint regulations in regard to rental property. *See Maryland Department of the Environment v. Schaefer-Nevada, Inc.*, OAH Case No. MDE-LMA-028-12-47574.

he be afforded the right to represent the corporation before the ALJ. ECF No. 1 at 4-5. For reasons to follow, the complaint shall be dismissed for the failure to state a claim.

First, to the extent the Schaefer is attempting to remove his state administrative case to this court to raise a challenge to Maryland's lead paint regulations, he may not do so. The notice of removal is technically and substantively deficient. The necessary state court documents have not been filed; Schaefer has not submitted a copy of all process, pleadings, and orders served upon him as defendant in the state administrative action. *See* 28 U.S.C. § 1446(a). Moreover, Schaefer has not submitted a short and plain statement of the grounds supporting removal. *Id.* Further, in the interests of federalism and comity, federal courts construe removal statutes narrowly, confining their own jurisdiction and resolving any doubts in favor of remand. *See New Jersey v. City of Wildwood*, 22 F.Supp.2d 395, 400 (D. N.J. 1998). The state court action at issue here seemingly involves enforcement of Maryland lead paint regulations. This is plainly not an action which could have been filed in this court. Schaefer may not seek to expand the scope of the state court case well beyond its subject matter to manufacture federal court jurisdiction. He has failed to illustrate a jurisdictional basis for removal of the action. Therefore, the undersigned finds that removal is not permitted.

Further, a federal district court shall abstain from exercising jurisdiction when a state's statutory scheme provides adequate judicial review of state agency decisions because "a sound respect for the independence of state action requires the federal equity court to stay its hand." *Burford v. Sun Oil Co.*, 319 U.S. 315, 334 (1943). *Burford* abstention is "concerned with potential disruption of a state administrative scheme." *AmSouth Bank v. Dale*, 386 F.3d 763, 784 (6th Cir. 2004). As long as "timely and adequate state-court review" of the state administrative decision is available, *Habich v. City of Dearborn*, 331 F.3d 524, 532 (6th Cir. 2003) (quotation omitted), federal courts should abstain under *Burford*: '(1) when there are difficult questions of state law bearing on

2

policy problems of substantial public import whose importance transcends the result in the case then at bar; or (2) where the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.' *Ellis v. Gallatin Steel Co.*, 390 F.3d 461, 480 (6th Cir. 2004) (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361 (1989) (quotations omitted)). Plaintiff may undoubtedly avail himself of the state administrative and court process available to him.

In addition, Schaefer's complaint does not contain a plausible allegation of a constitutional violation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). His vague and conclusory allegations of due process and other constitutional violations do not pass muster.

Schaefer has paid the filing fee. It is well established, however, that a court has broad inherent power *sua sponte* to dismiss an action, or part of an action, which is frivolous or vexatious. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (district courts have the authority to dismiss frivolous complaint *sua sponte*, notwithstanding the payment of the filing fee); *Baker v. Director, United States Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990) (per curiam) ("[A] trial court may dismiss a claim sua sponte without notice 'where the claimant cannot possibly win relief.'" (quoting *Omar v. Sea-Land Serv.*, 813 F.2d 986, 991 (9th Cir. 1987))); *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on her own initiative); *Brown v. District Unemployment Compensation Board*, 411 F. Supp. 1001 (D.C. 1975) (district court has inherent power to control the judicial process and dismiss frivolous or harassing action *sua sponte*). This court has the discretion to dismiss a case at any time, notwithstanding the payment of any filing fee

or any portion thereof, if it determines that the action is factually or legally frivolous. The court finds that the instant matter is subject to dismissal. A separate order follows.


Date:  February 4, 2013              /s/
                                     J. Frederick Motz
                                     United States District Judge